# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PURIFAN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-1285-JTM-DWB |
| | ) |
| LARRY PARKE, SEXTAN, INC., AND | ) |
| PURAIR FILTERS, LLC | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Compel (Doc. 48), and supporting memorandum (Doc. 49). Plaintiff has responded to the motion. (Doc. 53.) Defendants did not file a reply, and the time to do so has expired. *See* D.Kan. Rule 6.1(d)(1). After carefully reviewing the submissions of the parties and exhibits thereto, the Court is prepared to rule on Plaintiff's motion.

## BACKGROUND

Plaintiff Purifan filed the present action against Defendants on September 22, 2006, alleging claims of trademark infringement, "cybersquatting," false representation, unfair competition, unjust enrichment, breach of agreement, and

violation of the Uniform Trade Secrets Act.[1] (Doc. 1, Doc. 23.)  Plaintiff's claims result from Defendants' registration and use of the website domain name "purifanfilters.com," which sells "various air purification fan and filter products represented as 'Purifan™' fans and 'Purifan™' filters."  (Doc. 23, at ¶¶ 13-14.)  According to Plaintiff, neither of the Defendants were "given any license, either explicit or implied, to use these images . . ."  (*Id*., at ¶ 15.)

Defendants "deny that the use of any version of the Purifan name was without authorization" from Plaintiff or its distributors.  (Doc. 26, at ¶ 8.)  Defendants further deny that "used any images or names without express or implied authority, and deny that it has infringed in any way on any protectable interest" of Plaintiff.  (*Id*.)

Defendants have filed the present motion to compel (Doc. 48) requesting that the Court order Plaintiff to respond to one of Defendants' document requests seeking licensing agreements "pertaining in any way to the manufacture or sale by Plaintiff of ceiling fan air filtration systems or the related filters."  According to Defendants, this information is relevant to calculating Plaintiff's damages and Defendants' response thereto.

---

[1] Plaintiff was initially identified in the case caption as "Heartland Technologies, Inc."  (Doc. 1.)  Heartland changed its name to "Purifan, Inc." on January 19, 2007 (Doc. 15), and Plaintiff was allowed to modify the caption accordingly. (Doc. 16.)

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery into any matter, not privileged, that is relevant to the claim or defense of any party. "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." ***Audiotext Comm. Network, Inc., v. US Telecom, Inc.,*** No. 94-2395, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995) (citing ***Smith v. MCI Telecomm. Corp.***, 137 F.R.D. 25, 27 (D. Kan.1991)).

"When the discovery sought appears relevant on its face, the party resisting the discovery bears the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." ***Dean v. Anderson***, No. 01-2599, 2002 WL 1377729, at *2  (D. Kan. June 6, 2002).  "The party opposing discovery cannot simply make conclusory allegations that the request is irrelevant, but must specifically show how each discovery request is irrelevant." ***Audiotext***, 1995 WL 625962, at *3 (citations omitted).  "When 'relevancy is not apparent, [however], it

3

is the burden of the party seeking discovery to show the relevancy of the discovery request.'" ***Dean***, 2002 WL 1377729, at *2 (citing ***Steil v. Humana Kansas City, Inc.***, 197 F.R.D. 442, 445 (D. Kan. 2000)).  A request for discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  ***Haggard v. Standard Register Co.***, No. 01-2513, 2003 WL 365955 (D. Kan. Jan. 21, 2003).

Defendants' document request No. 3 seeks "[c]opies of any and all licensing agreements between Plaintiff and any other person or company pertaining in any way to the manufacture or sale by Plaintiff of ceiling fan air filtration systems or the related filters."  (Doc. 49, at 7.)  Plaintiff objected that the request "is not reasonably calculated to lead to the discovery of admissible evidence, and lacks any and all relevance to the claims asserted in this action."  (*Id*.)

According to Defendants, Plaintiff's measure of damages "will be premised upon net income from sales by Defendants."  (*Id*.)  Defendants argue that the information requested is relevant because "[d]etermining the extent to which Plaintiff stood to profit from any such sales is material in developing both Plaintiff's theory of damages and any response which Defendants wish to present..."  (*Id*., at 2.)

4

Plaintiff counters that the documents are irrelevant because its theory for damages "focus[es] only on those profits gained by Defendants as a result of their wrongful use of Plaintiff's marks and/or other confidential information." (Doc. 53, at 1.) This remedy is described as "[a]n award of profits [of the infringer] in the absence of actual damages [by the trademark holder]." *See* ***Western Diversified Serv. v. Hyundai Motor America***, 427 F.3d 1269, 1272 (10th Cir. 2005) (noting that this remedy is based on unjust enrichment and/or deterrence, requires a finding that the infringer's actions were willful, and is also subject to modification by the court based on a weighing of the equities). As indicated in the Amended Complaint (Doc. 23), Plaintiff's focus in this lawsuit is on trademark infringement rather than patent infringement. Thus, "Plaintiff's damage theory is not premised upon *Plaintiff's* profits or any deductions to be made from those profits; rather, Plaintiff's damage theory is focused squarely on the *Defendants'* profits." (Doc. 53, at 1-2.) (Emphasis added.)

Given Plaintiff's claims and theories of recovery, the Court finds the relevance of Defendants' discovery request to be tenuous at best. Because the relevance of the requested documents is not apparent, the burden is on the Defendants to show the relevance of their request. ***Dean***, 2002 WL 1377729, at *2 (citing ***Steil v. Humana Kansas City, Inc.***, 197 F.R.D. 442, 445 (D. Kan. 2000)).

Defendants did not meet their burden in their initial motion and chose not to reply to Plaintiff's response to the Motion to Compel. Absent additional justification and argument by Defendants, the Court cannot find an adequate basis to compel the production of the documents at issue. The Court therefore **DENIES** Defendants' motion. (Doc. 48.)

    **IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (Doc. 48) is **DENIED**.

    Dated at Wichita, Kansas on this 21st day of November, 2007.

                                                  s/ DONALD W. BOSTWICK
                                                  DONALD W. BOSTWICK
                                                  United States Magistrate Judge